IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CAROLISS CHILDRESS,** )<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>**CITY OF EAST ST. LOUIS, ILLINOIS;** )<br>**BOBBY COLE, individually; and LENZIE** )<br>**STEWART, personally and as Chief of** )<br>**Police of the CITY OF EAST ST. LOUIS** )<br>**POLICE DEPARTMENT,** )<br>)<br>**Defendants.** ) | **CIVIL NO. 10-cv-254-WDS** |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

Before the Court is plaintiff's motion to dismiss Count IV of plaintiff's amended complaint and to remand this cause to state court (Doc. 14), to which the defendants have not filed a response. Also before the Court is the defendants' motion to dismiss (Doc. 9), to which the plaintiff has filed a response (Doc. 16) and defendants a reply (Doc. 17).

## BACKGROUND

Plaintiff initially filed this civil action in the Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois, alleging a number of unlawful actions relating to the administration of an employment examination. Plaintiff claims that defendants Bobby Cole ("Cole"), Lenzie Stewart ("Stewart"), and the City of East St. Louis Police Department ("Department") unlawfully denied her a promotion by diverging from the practices of the Department and by fraudulently evaluating Cole's performance on the Captain's Test for promotion to the position of Captain. Specifically, plaintiff alleges that approximately one year after taking the test alongside Cole, she discovered that

Cole had only attempted to answer 79 of the 120 questions on the test, but the department reported that Cole only incorrectly answered 3 questions.  Plaintiff alleges that based on her score and her seniority, she should have been promoted in accordance with Department rules, but instead, Cole was promoted.  Plaintiff alleges that she informed Stewart of the fraud but he refused or failed to address the test score or take any other corrective action.

Defendants removed the action to this Court based on the plaintiff's inclusion of a claim under 42 U.S.C § 1983 and this Court's exercise of supplemental jurisdiction over the attached state claims under 28 U.S.C § 1367.

Plaintiff sets out four claims for relief in her Complaint: for specific performance against the Department for improperly denying plaintiff a promotion to the rank of Captain in breach of their employment contract (Count I); for fraud against Cole in his official and individual capacities (Count II); against Cole for tortious interference with plaintiff's legitimate business expectancy of a promotion (Count III); and against Stewart in his individual and official capacities for violation of plaintiff's constitutional rights under 42 U.S.C. § 1983 (Count IV).

According to plaintiff's motion to dismiss, plaintiff wishes to dismiss her claim set out in Count IV of her complaint, the only claim that raises a federal question.  In dismissing Count IV, the plaintiff seeks to divest this Court of federal jurisdiction and, therefore, have the remaining claims remanded to state court for further proceedings.  Defendants have not filed anything in opposition to plaintiff's motion, but had previously filed a motion to dismiss all of plaintiff's claims for failure to state claims upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

## LEGAL STANDARD

Under Fed. R.Civ. P. 41(a)(1), a plaintiff has an absolute right to dismiss a suit voluntarily, up to the point when the defendant serves an answer or motion for summary judgment. *Marques v. Federal Reserve Bank of Chicago*, 286 F.3d 1014, 1017 (7th Cir. 2002). A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) can be converted to a motion for summary judgment, at the Court's discretion, if the defendant attaches materials outside the four corners of the complaint and the Court considers those materials. *Id.* The Federal Rules of Civil Procedure regarding voluntary dismissal apply, even though the case has been removed from state court. *Grivas v. Parmelee Transp. Co.*, 207 F.2d 334, 337 (7th Cir. 1953).

Notably, an "incantation of Rule 41(a)(2) will not exorcize the federal claim" from a complaint. *Cedar Lake Ventures I, LLC v. Town of Cedar Lake, Ind.*, No. 2:10-CV-255, 2010 WL 3927508, at *2 (N.D. Ind. Oct. 4, 2010). It is well settled in the Seventh Circuit that "Rule 41(a) 'does not speak of dismissing one claim in a suit; it speaks of dismissing 'an action'- which is to say, the whole case.'" *Id. quoting Berthold Types Ltd. v. Adobe Sys. Inc.*, 242 F.3d 772, 777 (7th Cir. 2001). The solution to the improper use of a voluntary dismissal motion is to "convert the faulty Rule 41 motion in to a Rule 15 motion to amend the complaint." *Cedar Lake Ventures I, LLC*, 2010 WL 3927508, at *2. Under Rule 15, the Court is to freely give leave to a plaintiff to amend its complaint when justice requires. *Id.*

Furthermore, "other courts have found the purpose of dismissing all federal claims from a complaint in order to remand the case back to state court to be perfectly justified." *Id. citing Harkness v. CCA of Tennessee, LLC,* No. 1:09 CV 1049, 2010 WL 3326797, at *2 (S.D. Ind. Aug. 20, 2010).

> A district court has discretion to remand a properly removed case to state court if all federal law claims in the case have been eliminated and only supplemental state law claims remain. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). In order to decide whether to exercise jurisdiction over state law claims, a district court should consider and weigh the factors of judicial economy, convenience, fairness, and comity. *Carnegie-Mellon Univ.*, 484 U.S. at 350.
> The Seventh Circuit has repeatedly expressed its preference that district courts remand cases when no federal claims remain. *See, e.g., Leister v. Dovetail, Inc.*, 546 F.3d 875, 882 (7th Cir. 2008) ("When the federal claim in a case drops out before trial, the presumption is that the district judge will relinquish jurisdiction over any supplemental claim to the state courts."); *Contreras v. Suncast Corp.*, 237 F.3d 756, 766 (7th Cir. 2001); *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999); *Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1252 (7th Cir. 1994); *Carr v. CIGNA Sec., Inc.*, 95 F.3d 544, 546 (7th Cir. 1996).

*Cedar Lake Ventures I, LLC*, 2010 WL 3927508 at *2-3.

## **ANALYSIS**

Plaintiff does not cite to Fed. R. Civ. P. 41(a) or 15 in her motion, but simply asserts that she requests leave to dismiss Count IV of her complaint without prejudice. At this stage in the proceedings, no motion for summary judgment has been filed and the discovery deadline has been extended to November 7, 2011, to allow the parties sufficient time to exchange written discovery, obtain complete copies of plaintiff's medical records, and proceed with taking appropriate depositions. Although defendants have filed a motion to dismiss, the Court has not converted it to a motion for summary judgment, as the motion does not include additional attachments or evidence outside of the complaint which would require the Court to do so.

Since the case is still in its early phases and this Court has not become completely enmeshed it its complexities, remanding the case to state court does not frustrate the notion of judicial economy. In terms of convenience, the plaintiff and all defendants are residents of, or, in fact, the city of East St. Louis, Illinois, and thus litigating these state law claims in St. Clair County, Illinois

4

is not inconvenient to any of the parties involved. Furthermore, since the case is in its early stages, remanding the case would not be unfair to the defendants, and nothing in the record leads the Court to believe otherwise. The defendants are not unduly prejudiced by a remand to state court because any efforts the defendants have made in this case so far should be applicable to the state court proceedings. Finally, remanding the case, which, after allowing the plaintiff to amend her complaint, consists entirely of state law claims, comports with the notion of comity, and with no federal claim to consider, this Court will relinquish jurisdiction to the state court.

## CONCLUSION

Accordingly, the Court construes plaintiff's motion to dismiss Count IV of her complaint (Doc. 14) as a motion for leave to amend her Complaint. The Court **GRANTS** plaintiff's motion for leave to amend her Complaint by eliminating Count IV, her sole federal claim. In light of the fact that only state law claims remain, the Court also **GRANTS** plaintiff's motion for remand (Doc. 14), and this case is **REMANDED** to the Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois. Defendants' motion to dismiss plaintiff's complaint (Doc. 9) is **DISMISSED** as moot.

**IT IS SO ORDERED**

**DATE:** December 20, 2010

/s/ WILLIAM D. STIEHL
DISTRICT JUDGE